June Term,
1862.

SPENCER
v.
FREDENDALL
et al.

| 15 | 666 |
|----|-----|
| 78 | 236 |

| 15 | 666 |
|-----|-----|
| 104 | 661 |

| 15  | 666  |
|-----|------|
| 115 | ¹439 |

| 15  | 666 |
|-----|-----|
| 117 | 333 |

SPENCER VS. FREDENDALL and others.

A purchased B's homestead at a foreclosure sale, upon an oral agreement that he would hold it as security for the repayment of the money advanced by him. After the money was repaid, there was an oral agreement between A and B taht A should retain the title to the property as security for *another debt* which B owed him. B brought an action to compel a reconveyance of the land by A without having paid such other debt. *Held,* that the plaintiff was entitled to such reconveyance.

Whether or not a mortgage once paid can, in any case, be revived and made a security for a new debt by a mere verbal agreement of the parties, a mortgage upon a *homestead* once paid cannot be revived by the agreement of the husband alone, either verbal or written, as the statute requires the signature of the wife to render such a lien valid.

DIXON, C. J., dissented from the decision.

APPEAL from the County Court for *Rock* County.

Action to compel the defendants to convey a house and lot to the plaintiff in pursuance of a parol agreement. The cause was referred to a referee for hearing and determination. He reported the material facts to be as follows: The house and lot referred to, and certain mill property belonging to the plaintiff, were bid off at a foreclosure sale in August, 1848, by the defendants *Fredendall* and *A. M. Parshall*, under a verbal agreement that they should hold the property for two years after the sale as security for the repayment of the amount of their bid, with interest at twelve per cent., with a right during that time to occupy the mill property jointly with the plaintiff, and that the plaintiff should have a right to redeem all said property at any time within said two years, by paying said defendants the amount of their bid with the interest; that in January, 1860, it was verbally agreed on the part of the defendants, that if the plaintiff would release all claim to the said mill property, they would convey to him said house and lot, which then was and continued to be the plaintiff's homestead; that the plaintiff did thereupon release all claim to said mill property; but that the defendants have refused to convey said house and lot to him. The referee further found that in February, 1860, the plaintiff and said defendants had an accounting together concerning certain items of indebtedness which accrued after said foreclosure sale, and said *Fredendall* transferred his in-

June Term,
1862.

SPENCER
v.
FREDENDALL
et al.

terest to the defendant *R. F. Parshall*, and the plaintiff was thereupon found to be indebted to said *R. F. Parshall* to an amount exceeding $600; and that the plaintiff, at the time of such transfer, verbally agreed that the defendants might retain the title to his homestead as security for the payment of said last mentioned sum, which still remained unpaid. As conclusions of law, the referee found that the defendants, having sold the mill property with the consent of the plaintiff, and thereby received full payment for their bid at the foreclosure sale, with interest, were bound to convey the said homestead property· to the plaintiff according to their · agreement. 2. That the verbal agreement made at the time of the accounting in February, 1860, that the deed made by the plaintiff for said homestead property should stand and be retained as security for said debt of $600, or thereabouts, was void, notwithstanding *R. F. Parshall*, at the time of making said verbal agreement and in consideration thereof, purchased of said *Fredendall* all his interest in such indebtedness, and paid him therefor. —The defendants excepted to the finding of facts and to the conclusions of law.

The report of the referee was confirmed, and judgment rendered accordingly.

*Bennett, Cassoday & Gibbs*, for appellant, made the following among other points: The defendant's equity in this case cannot be defeated by the fact that the premises in question were claimed by the plaintiff as a homestead. After the foreclosure sale, a judgment against the plaintiff would not have become a lien upon the property while the title was in the defendants. The plaintiff could not have sold or mortgaged the property to a third person. He therefore did not *own* the premises within the meaning of sections 23 and 24, chap. 134, R. S.

*Sloan, Patten & Bailey, contra*, cited R. S., chap. 134, sec. 24; *Dreutzer v. Bell*, 11 Wis., 114; *Green v. Lyndes*, 12 id., 404. As to the general doctrine that a mortgage, after being satisfied, cannot, by parol agreement between the mortgagor and mortgagee, be revived and made a security for a different indebtedness, they cited *Ex parte Whitbread*, 19

June Term,
1862.

SPENCER
v.
FREDENDALL
et al.

October 11.

Vesey, 211 ; *James v. Morey,* 2 Cow., 246–324 ; 2 Seld., 449 ; id., 147 ; *Averill v. Loucks,* 6 Barb., 19.

*By the Court,* PAINE, J.   The only question presented by the exceptions in this case is, whether the conclusions of law were right, upon the facts as found by the court below.

These facts were briefly these.   The homestead and certain mill property of the plaintiff were bid off by the defendants at a foreclosure sale, upon an agreement that they were to take the title and hold the property by way of mortgage for the money advanced, which was advanced as a loan to the plaintiff.   The relation of mortgagor and mortgagee was shown by parol evidence as to the real nature of the transaction, and was in fact not denied.   See *Sweet vs. Mitchell et al., ante,* p. 641.   While the property was so held, the parties made a new agreement, by which the mortgagees were to take the mill in payment of the loan and reconvey the homestead to the plaintiff.   In pursuance of this agreement, they sold the mill, with the plaintiff's consent, to other parties.   Afterwards the plaintiff agreed with them verbally, that they might still continue to hold the title to the homestead as security for another debt he owed them, which was previously unsecured.

The question of law is, whether it was competent in this manner to create a new lien upon the homestead for such additional debt, which should be enforced in equity?   The court below held it was not, upon two grounds : first, that after the mortgage is once paid, it cannot, by a mere verbal agreement of the parties, be transferred to a new debt, which it was not originally given to secure ; and second, that even if this could generally be done, it could not be done with a mortgage upon the homestead, without the wife's consent, for the reason that it would violate that provision of law which makes void any conveyance of the homestead by the husband without the signature of the wife.

Without passing upon the first reason assigned, a majority of the court are of the opinion that the ruling was correct for the second reason.   It seems scarcely to admit of question, that after a mortgage upon the homestead given in

the ordinary form and signed by the wife, had been paid, it would be incompetent for the husband alone, by a verbal agreement or otherwise, to revive the mortgage and attach its security to other debts. To hold otherwise, would defeat the clear intent of the statute. For whenever the signature of the wife could be once obtained to a mortgage upon the homestead, the prohibition would be substantially destroyed, as the husband could keep that mortgage in existence as a security for new debts to an indefinite amount. It seems clear that this cannot be done.

But should the facts that in this case the mortgage was created by an absolute deed taken on a foreclosure sale, and that the defeasance has to be shown by parol, lead to any different conclusion? I am unable to see that it should. It being once established that a mortgage may be thus created, when it is thus created it would seem to be as fully within the policy of the law preventing the husband from extending a mortgage on the homestead to different debts from those originally secured by it, without the assent of the wife, as is a mortgage in the ordinary form. The mere mode by which the mortgage is created, cannot be material in the determination of this question.

It is true, the language of the statute is, that " the mortgage or other alienation" of the homestead shall not be valid without the signature of the wife. It is also true that in a case like the one under discussion, there is, strictly speaking, no new mortgage executed, nor other alienation. But there is no difference in this respect between an ordinary mortgage and one like the present. If the husband can extend either to a new debt, there is no new mortgage executed, or other alienation, in either case; and if the court should, upon the literal construction, take either out of the prohibition, it must, to be consistent, take both out. I think there is much force in the reasoning of the court below, to the effect that a mortgage once paid is extinguished, and cannot in any case be transferred to another debt. But even if it can ordinarily be done, it is in substance and effect making a new mortgage, and should be so regarded within the meaning of the prohibition against mortgaging the homestead without the

June Term, 1862.

signature of the wife; and the mode by which the mortgage was created should make no distinction in this respect.

The statute is a disabling one, and should not be extended by construction to cases not clearly within its intention. But cases which are clearly within its meaning should not be excluded upon the technical idea that the extension of a paid mortgage to a new debt is not strictly a mortgage of the homestead, though it is so to all intents and purposes within the design of this law. A court of equity might ordinarily seize upon an agreement like the one made here, and say that as it was just that the party should pay the debt, it would not aid him to get back his title, till he should pay it. But I think it has no right to say so where such an agreement relates to the homestead. It is just that men should pay their debts. The general policy of the law compels them to do so. But to this there is an exception growing out of another and special policy which is deemed of paramount importance, which is, to secure a homestead to the family. However sacred the obligation to pay debts, the law expressly designed to secure the homestead from being taken for that purpose without the consent not only of the debtor but of his wife. Whenever, therefore, the homestead is in such condition that the owner requires equitable aid to clear up his title, I do not think the court would be justified in imposing upon him as a condition, the payment of any debt not a lien upon it, no matter how just it otherwise might be. To do so would be to defeat the statute.

The judgment is affirmed, with costs.