CAMPBELL VS. SARAH M. BABCOCK, impleaded, etc.

MORTGAGE OF HOMESTEAD—USURY—DOWER—ESTOPPEL: *Wife not estopped by acts of husband, from alleging usury in his note, to protect the homestead and her vested dower interest.*

1. In foreclosure of a mortgage made by husband and wife to secure *his* note, acts of the husband which would estop him from setting up usury in the note, do not estop the wife, in respect either of the *homestead*, or of her *vested dower* interest.
2. Whether she could allege the usury to protect a merely *inchoate* dower interest, is not here decided.

APPEAL from the Circuit Court for *Pepin* County.

The defendant *Sarah M. Babcock* appealed from a judgment in foreclosure in favor of the plaintiff, against her and her co-defendant. The case is stated in the opinion.

*E. B. Bundy*, for appellant, contended that, independent of the question of *estoppel*, the appellant, standing in the relation of surety, could interpose the plea of usury (*Austin v. Fuller*, 12 Barb. 360; *Cole v. Savage*, 10 Paige, 583; *Morse v. Hovey*, 9 id. 197); that it was inconsistent with the intent of the homestead act to permit the husband, by his own act solely, to defeat the wife's rights under the act (*Robinson v. Wiley*, 15 N. Y. 489; *Spencer v. Fredendall*, 15 Wis. 666); and that when Godfrey purchased the mortgage he should have made inquiries of the wife, especially as she was living with her husband on the premises, which was notice of her rights to all the world. *Ely v. Wilcox*, 20 Wis. 523; *Frey v. Pfeiffer*, 18 id. 510; *Gove v. White*, 20 id. 425.

*Henry Cousins* and *H. E. Houghton*, for respondent, argued that the mortgage is an incident to the debt, and follows its destiny (11 Wis. 348; 4 Chand. 153); that the wife joined in the mortgage to secure the note, with knowledge not only of the infirmity of the latter, but also of the husband's power to preclude

himself from taking advantage of that infirmity; that the case was identical in principle with *Schoonmaker v. Taylor* (14 Wis. 313, 316), where this court held that notice to the husband alone of the mortgagee's election to consider the whole debt due on a default being made, was sufficient, and the wife could not object that the whole debt was not due as against her, and that in the foreclosure of "farm mortgages," and others procured by fraud, in this state, it has always been assumed that the holders of the notes stand in the same relation to the mortgages that they do to the notes. *Cornell v. Hichens*, 11 Wis. 353; *Croft v. Bunster*, 9 id. 503.

LYON, J. This is an action for the foreclosure of a mortgage executed by the defendants, who were husband and wife, on certain lots in the village of Durand, Pepin county, to secure the payment of a promissory note, given by the said *George Babcock*, for $500. The mortgaged premises included the homestead of the defendants. The note and mortgage were executed to Archibald Haynes, and by him assigned to one Godfrey for a valuable consideration, who, for a like valuable consideration, transferred the same to the plaintiff. The securities were void for usury; but before purchasing the same, Godfrey, who, it seems, was ignorant of their usurious character, applied to *George Babcock* for information concerning them, and was informed by him that they were good and valid securities, that there was no defense to them, and that they would be paid at maturity. Upon the strength of these representations, Godfrey purchased them. The circuit court held that both of the defendants were estopped by such representations from availing themselves of the defense of usury, which they had set up in their answer, and gave the usual judgment of foreclosure and for the sale of the mortgaged premises. From that judgment the defendant *Mrs. Babcock*

appeals to this court, and the question to be decided is, whether she is thus estopped by the statements made by her husband to Godfrey as to the character of the securities?

In *Spencer v. Fredendall et al.*, 15 Wis. 666, Fredendall and Parshall held the title to the homestead of Spencer as security for a certain debt, which Spencer afterwards paid. They did not re-convey to Spencer, but, under an agreement with him, they continued to hold such title as security for another debt. Mrs. Spencer was not a party to the latter agreement. Without paying the last mentioned debt, Spencer brought an action against Fredendall and Parshall to compel them to re-convey such homestead. This court held, on appeal, that the action was well brought, and affirmed the judgment of the circuit court granting him the relief which he demanded. In delivering the opinion of this court, Mr. Justice PAINE said: " It seems scarcely to admit of a doubt that, after a mortgage upon the homestead, given in the ordinary form and signed by the wife, had been paid, it would be incompetent for the husband alone, by a verbal agreement or otherwise, to revive the mortgage and attach its security to other debts. To hold otherwise would defeat the clear intent of the statute. For whenever the signature of the wife could be once obtained to a mortgage upon the homestead, the prohibition would be substantially destroyed, as the husband could keep that mortgage in existence as security for new debts to an indefinite amount. It seems clear that this cannot be done."

I think the principle there laid down is applicable to this case. It was there held that the husband could not, without the concurrence of the wife, by any act of his, give vitality to a mortgage on the homestead which had once been paid. In other words, the court held that the act of the husband alone could not resuscitate and give life to such mortgage after it had become *functus officio*. If that is correct, on what prin-

ciple can it be held that the act of *Mr. Babcock* alone vitalized this mortgage, which never before had a legal existence? When *Mrs. Babcock* executed it, she did not encumber the homestead any more than she would have encumbered it by merely placing her signature on blank paper. To hold that her husband, without her consent or knowledge, could transform this void and inoperative document into a valid and binding mortgage, would, it seems to me, be a gross perversion of the law which was made for her protection. The restriction which the law imposes upon the alienation of the homestead by the husband, is a most valuable right to the wife, and is doubtless founded in wise considerations of public policy. But that restriction would be practically removed, and the right defeated, were we to hold that *Mrs. Babcock* is estopped by the act of her husband from availing herself of the defense that the mortgage is void for usury. We find no authority for pushing the doctrine of *estoppel in pais* to that extent.

It is argued by counsel for the plaintiff, that the mortgage is the mere incident to the debt, and that no defense can be interposed to the mortgage which is not also available as a defense to the debt, and therefore, inasmuch as *George Babcock* is estopped, by his admissions and statements to Godfrey, from interposing the defense of usury to the note, both he and his wife are estopped from interposing the same defense to the mortgage. These propositions are doubtless correct so far as they relate to *George Babcock*, and that is all which the cases cited in support of them decide. None of them hold that a mortgagor in a mortgage given to secure the payment of a note or obligation to which such mortgagor is not a party, can be estopped by the act of the party executing such note or obligation from interposing any legal defense to the mortgage. And it seems to be quite immaterial whether such mortgagor is the wife of the principal debtor, executing a mortgage upon their homestead, or a third person.

It is well settled that the grantee of mortgaged premises, under a conveyance from the mortgagor containing covenants of warranty, may contest the validity of such mortgage on the ground of usury. *Morse v. Hovey*, 10 Paige, 583, and cases there cited. It would seem absurd to say that the mortgagor, after such conveyance, could do any act which would defeat that right of his grantee, although he might estop himself from interposing such defense. If the mortgagor may not defeat the right of his grantee with warranty, to interpose the defense of usury, upon what grounds can the principal debtor be permitted to defeat the right of a surety who has given a mortgage to secure his debt, or his wife who has joined with him in a mortgage upon the homestead for the same purpose, to avail himself or herself of the same defense?

The proposition seems almost too clear for argument, that unless the wife joins in the execution of a valid conveyance or mortgage of the homestead, or, what is the same thing, does some act which estops her from denying that a conveyance thereof or a mortgage thereon executed by her is valid, her homestead rights are not affected, and no other person, not even her husband, can, without her consent, deprive her of those rights.

The record shows that after the judgment appealed from was rendered by the circuit court, the defendant *George Babcock* conveyed all his interest in the mortgaged premises to one Topping, who conveyed the same to *Mrs. Babcock*, and that subsequently, and before this appeal was taken, *George Babcock* died; whereupon the circuit court made an order that the action continue in the name of *Mrs. Babcock* as the successor of her husband, as well as in her own behalf.

Inasmuch as her right of dower in the mortgaged premises became vested by the death of her husband, I think that the same principles are applicable to

such dower interest, as are applicable to her interest in the homestead, and that she is not estopped by the act of her husband from interposing the defense of usury for the protection of both of these interests. How this would be in case her husband were still living and her right of dower only inchoate, we do not decide. We leave that question to be adjudicated when a case shall arise which presents it for the consideration of the court.

It follows from these views, that the judgment of the circuit court must be reversed, and the cause remanded with directions to that court to enter a judgment for the sale of the mortgaged premises; excepting and reserving therefrom the homestead interest and the dower interest of *Mrs. Babcock* therein.

*By the Court.*—So ordered.