34    550
75    308

## SAGE vs. McLAUGHLIN and another.

USURY. (1) *Fee retained by agent of borrower not usury.* (2) *When borrower estopped from pleading usury.*

EVIDENCE. (3) *Improper admission of deposition, when immaterial.* (4) *Wife, when competent witness for husband as to usury.*

FORECLOSURE, JUDGMENT IN. (5) *Filing of* lis pendens *need not be proven at trial.* (6) *When court may decree foreclosure and sale.* (7) *Provisions for redemption essential.* (8) *Separate finding of facts necessary.*

1. Where an agent employed by and acting for the borrower only, negotiates a loan for the highest legal rate of interest, and, without the knowledge or consent of the lender, retains a fee for his services, this does not make the loan *usurious. Ottillie v. Wæchter,* 33 Wis., 252.

2. Plaintiff bought a note and mortgage without knowledge of any fact making them usurious, and afterwards negotiated with the authorized agent of the borrower, in reference thereto, and such agent represented that the debt for which said note and mortgage were given, "was an honest debt and would be paid." On the faith of these representations plaintiff bought another note made by said borrower and secured by mortgage of the same land, and extended the time of payment of both notes. *Held,* that the borrower was *bound by the representations of his agent,* and was *estopped* from setting up the defense of usury to the first mentioned note and mortgage.

3. The improper admission of a deposition is an *immaterial error* where all the material facts which it tends to prove are clearly established by other evidence.

4. A *wife* being empowered by our statute to sell and transfer to her husband a note and mortgage which are her separate property, " with like effect as if she were unmarried " (Tay. Stats., 1195, § 2), she must be held a competent *witness for her husband* to show that such note and mortgage are free from usury; such right in the vendor being an element in the value of the security, and necessary to protect her from liability to refund the consideration.

5. In foreclosure, the filing of *lis pendens* need not be proven at the trial, but may be made to appear to the satisfaction of the court at any time before judgment. And on appeal, it will be *presumed* in favor of the judgment (nothing to the contrary appearing in the record), that the court had before it proof of such filing. *Webb v. Meloy*, 32 Wis., 319.

6. Where the *prayer* of the complaint is merely for a *strict* foreclosure, the court may decree a foreclosure and sale, if the facts pleaded and proven show this to be the proper remedy.

7. A *provision for redemption* is essential to the validity of a judgment for a sale on foreclosure.

8. The *finding of facts* should be drawn up separately, and filed, as the basis of a judgment in foreclosure. And without deciding that an omission of such separate finding would of itself work a reversal of the judgment, the court in this case, instead of merely modifying the judgment (so as to provide for a redemption) reverses it to enable plaintiff to procure and file such a finding.

APPEAL from the Circuit Court for *Juneau* County.

The complaint alleges that the defendant *McLaughlin* was indebted to the plaintiff in the sum of $1,000 and interest, on a note and mortgage for that amount executed by him to one Lucy A. Sage; that, being so indebted, and in consideration that the plaintiff had agreed to pay for *McLaughlin* a certain other note and mortgage for $800 and interest, executed by the latter to one Templeton and then over due, and to take up the same (both of said mortgages being upon the lands affected by this action, and the amount unpaid on the debts secured by such mortgages being, on the 19th of October, 1869, $2,046.22), the defendant *McLaughlin* and his wife, by the defendant

Wright, their attorney in fact, executed to one E. C. Sage, but for the use and benefit of the plaintiff, a conveyance of the lands before mentioned, which conveyance was in the form of an absolute deed of conveyance containing the usual covenants of warranty, etc., and bears date on the day last aforesaid; that thereupon the plaintiff surrendered up his note and mortgage for $1,000 to the defendant *McLaughlin* to be cancelled, and paid the Templeton note and mortgage, and holds the same subject to *McLaughlin's* order; and that on the same day that the conveyance to E. C. Sage was executed, the latter, acting by the direction and for and in behalf of the plaintiff, entered into a written agreement with *McLaughlin*, in and by which he agreed to reconvey said lands to *McLaughlin*, on payment by the latter, by the 1st day of January, 1872, of said sum of $2,046.22 and ten per cent. interest thereon, together with all taxes assessed on such lands. The complaint further alleges the nonpayment of the whole of said sum, and prays that *McLaughlin* be adjudged to pay the same, " or otherwise that the court order and adjudge that the plaintiff be put into possession of said premises, and that the defendants be forever foreclosed," etc.

The answer of *McLaughlin* (the defendant Wright not answering) contains allegations of fact, which, if true, show that the $1,000 note and mortgage were usurious in their inception.

The circuit judge made no separate findings of fact and conclusions of law, but the judgment contains the following clauses : " It is decided and adjudged by the court, that the defendant *Michael McLaughlin* is indebted to the said plaintiff on the land contract set forth in the plaintiff's complaint, in the sum of $2,570.47, and that the deed and conveyance hereinafter described, and the said land contract, were intended by the parties thereto as a mortgage to secure the payment, by the defendant *McLaughlin* to the said plaintiff, of the sum of money mentioned in said land contract."

The court rendered a judgment of foreclosure and for the sale of the mortgaged premises, in the usual form of judgments in actions to foreclose mortgages. It directs the sheriff to sell and convey the land, provides for letting the purchaser into possession, and forecloses the defendants, and all persons claiming under them after the filing of the notice of the pendency of the action, of all right title, interest or equity of redemption in such premises; but it does not provide for any redemption.

From this judgment the defendants appealed, and gave the necessary undertaking to stay proceedings thereon in the circuit court.

*Richard Smith, M. P. Wing* and *G. C. Prentiss*, for appellants, contended that the judgment was not in accordance with the prayer of the complaint, nor in accordance with the statute, but cut off defendant's right of redemption, in absolute violation of ch. 195, Laws of 1859. 2. There was no finding of facts by the court, as required by ch. 132, Tay. Stats., sec. 22, p. 1498. The record shows that there was an issue of fact joined and tried, but it does not show that there was any finding upon any or either of the issues. *Demming v. Weston*, 15 Wis., 236. 3. There was no proof offered on the trial, of the filing of *lis pendens*. The statute requires that in foreclosure cases it shall be filed twenty days before judgment. Tay. Stats., p. 1428. Omission to make such proof is fatal. 4. The judgment makes no recital of the finding. *Manning v. Mc-Clurg*, 14 Wis., 350. 5. The deposition of Lucy A. Sage, who was and is the wife of plaintiff, was improperly admitted in evidence. She was not the agent or attorney for her husband in the transaction. *Schoeffler v. The State*, 3 Wis., 844; 1 Greenl. Ev., § 334. 6. The evidence shows that the contract was usurious in fact.

*H. H. Hatch*, with *Gregory & Pinney*, of counsel, for respondent, argued that the defense of usury failed, because the lender was not privy to the taking of the bonus of $50, or to the pre-

vious dealings between E. C. Sage and defendant, and had no benefit therefrom. 16 Wis., 259. 2. Defendant, as against plaintiff, who is proved to be the real party in interest, is estopped from insisting on this defense, he never having asserted anything on that subject to the plaintiff when he was taking a new security for and extending the time of payment of both debts for two years, but, on the contrary, asserting that the $1,000 was an honest debt and should be paid. *Gill v. Rice*, 13 Wis., 549, 554; *Waddle v. Morrill*, 26 id., 611, 613. It was not necessary to plead the estoppel, but it was properly given in evidence at the trial. 3. The finding upon the facts in issue was sufficient, and it does not appear that any request was made by defendant to find on any other questions. The judgment follows, which is the sentence or conclusions of the law upon the facts; so that, in substance, the requirement of the statute was complied with, as much as if there had been two separate documents. Besides, in an equity case there is a trial *de novo* in this court, and the finding is of no practical consequence where (as in this case) all the evidence is taken up. *Catlin v. Henton*, 9 Wis., 492; *Williams v. Ely*, 13 id., 1. If this judgment should be reversed for the want of a more formal finding, and sent back to have such a finding made and filed, when that is done, and the record returned to this court, such finding will be of no consequence in the adjudication of the cause here. Such a proceeding would therefore be a slavish adherence to mere form, and a sacrifice of substance, unwarranted by the result. But the finding is sufficient, and is certainly as comprehensive as the one sustained in *Catlin v. Henton*, 9 Wis., 492. Besides, this objection was not made until after judgment, and it then came too late. *Krause v. Krause*, 23 Wis., 355.

LYON, J.  1. It appears from the uncontradicted evidence, or is proved by a clear preponderance of the testimony, that Lucy A. Sage, who is the wife of the plaintiff, was the owner

of the $1,000 note and mortgage, the same being her separate property; that she loaned $1,000 to the defendant *McLaughlin*, for which loan they were given; that such loan was negotiated for *McLaughlin* by E. C. Sage as his agent, who, pursuant to an agreement with *McLaughlin*, and without the knowledge or consent of Mrs. Sage, retained $50 of the loan for his services. This is the transaction upon which the claim of usury, set up in the answer of *McLaughlin*, is predicated. E. C. Sage did not act as the agent of Mrs. Sage, and clearly there was no usury in the transaction. *Ottillie v. Wœchter*, 33 Wis., 252.

2. It further appears, in like manner, that Mrs. Sage sold the note and mortgage to her husband, the plaintiff, and transferred and assigned the same to him through a third party, after which, and a short time before the same became due, the plaintiff had a negotiation with the defendant Wright (who was the duly authorized agent and attorney in fact of the defendant *McLaughlin*, and acted for him) in relation to such note and mortgage; and such negotiation resulted in the purchase by plaintiff, for *McLaughlin*, of the Templeton note and mortgage, and an extension of the time of payment of both debts over two years. In the progress of that negotiation, Wright represented to the plaintiff that the debt for which the note and mortgage for $1,000 were given to Mrs. Sage, was an honest debt, and would be paid; and the plaintiff evidently acted on the faith of such representation. It can not be reasonably supposed that the plaintiff would have paid the Templeton mortgage, amounting to nearly $1,000, and then extended the time for the payment of both debts for so long a period, if Wright had told him what *McLaughlin* asserts in his answer, that the note and mortgage to Mrs. Sage were usurious and void, and that he did not propose to pay them. *McLaughlin* is bound by the representations of Wright made during the negotiations and relating to the subject matter thereof; and he is estopped to set up the defense of usury to the note and mortgage, after his authorized agent had made representations to the contrary

to the plaintiff (who knew nothing of the alleged usury), which induced him to advance his money for the benefit of *McLaughlin*, and to extend the time for the payment thereof. This principle was recognized and enforced by this court in *Campbell v. Babcock*, 27 Wis., 512. Hence, if the note and mortgage in question were usurious, the defendant *McLaughlin* can not be permitted to assert such usury as a defense thereto, under the circumstances of this case. But we have already seen that they were not usurious.

3. The deposition of Mrs. Sage was admitted in evidence against the objection of the defendants. She deposed therein, in substance, that she advanced $1,000 on account of such note and mortgage; that she knew nothing of any usury in the transaction; and that she afterwards sold and transferred such note and mortgage to her husband. If the admission of this deposition was error, it was an immaterial one, because every material fact to which Mrs. Sage deposed was abundantly proved by other testimony. But we think that the deposition was properly received. The statute conferred upon Mrs. Sage the power and right to sell and transfer these securities to her husband, or to any other person, "with like effect as if she were unmarried." Tay. Stats., 1195, § 2. Had she been unmarried when she transferred them, one effect of such transfer would have been to render her a competent witness to disprove the allegation of usury. This is to her a valuable right, because her testimony might disprove the usury, and save her from the obligation to refund the consideration which she received therefor, in case the securities were adjudged void for usury. This right is also an element in the value of the securities. Of course, the greater the facilities for proving their validity, if their validity is assailed, the greater their value. In view of these considerations, we are unable to perceive how we can give to the transfer of the note and mortgage by Mrs. Sage to her husband the effect which a transfer thereof by her would have were she unmarried, without holding that she is a competent witness for

her husband to disprove the alleged usury. But the question not being a controlling one in the case, it is not deemed necessary to discuss it further.

4. It satisfactorily appears that a sufficient notice of the pendency of the action was filed in the proper office in due time. It is objected that the filing thereof was not proved on the trial. That fact is no part of the issue, and need not be proved on the trial. It is sufficient if it be made to appear to the court at any time before judgment. And it will be presumed, in favor of the regularity of the judgment (nothing appearing in the record to the contrary), that the court had before it proof of the due filing of such notice. *Webb v. Meloy,* 32 Wis., 319.

5. The objection that the complaint only prays a strict foreclosure (and such is the substance of the prayer), and that the court erred in rendering judgment of foreclosure and for the sale of the mortgaged premises, is not well taken. The complaint states facts which show, and the answer alleges, that the conveyance to E. C. Sage for the benefit of the plaintiff, and the agreement to reconvey on payment of the amount of the notes and mortgages, constituted a mortgage; and the court very properly disregarded the prayer of the complaint, and rendered judgment in accordance with the allegations of the parties in that behalf.

6. Thus far we find no error. But in another respect the judgment is fatally defective. It fails to provide for any redemption of the mortgaged premises after sale. Such provision is absolutely essential to the validity of the judgment. *Jones v. Gilman,* 14 Wis., 450; *Van Nostrand v. Mansfield,* 16 id., 224; *Briggs v. Seymour,* 17 id., 255; *Carberry v. Benson,* 18 id., 489. See also *Walker v. Jarvis,* 16 id., 29.

7. While, perhaps, there is a sufficient finding of facts and conclusions of law contained in the judgment, yet correct practice requires that these should be drawn up separately, and filed as the basis of the judgment. Perhaps the omission to do so would not, of itself, work a reversal of the judgment; but,

to enable the plaintiff to procure and file such findings, we will reverse the judgment, instead of modifying it as was done in some of the cases above-cited.    See *Van Nostrand v. Mansfield, supra.*

*By the Court.*— The judgment is reversed, and the cause remanded for further proceedings according to law.