Spear vs. Evans and others.

SPEAR VS. EVANS and others.

*December 18, 1880 — January 11, 1881.*

EQUITY. Title of land held as security for moneys advanced. *(1) Limitation of action. (2) Dower and homestead rights, how affected. (3) Order of sale and application of payments.*

1. By agreement between A. and B., A. advanced moneys to enable B. to purchase and improve land, and took the legal title from the government as security for such advances. B. always claimed to hold the land under this contract, made a payment as late as 1875, and acknowledged and promised to pay the indebtedness in 1878. *Held,* that neither the ten nor the twenty years' limitation (R. S., secs. 4220-21) is available to bar an action by A. to enforce his equitable lien upon the land for the unpaid balance of the advances.

2. B. married after a payment, with A.'s money, on the purchase of the land, but before the final payment thereon, and before most of the advances were made for improvements. *Held,* that the *dower* interest of the wife (now widow), and the *homestead* right, are subject to A.'s lien for the purchase money, but not for moneys which went into the improvements.

3. Directions given as to the application of payments to purchase money and improvement money, and as to the order of sale of the premises.

APPEAL from the Circuit Court for *Sheboygan* County.

Action to have a certain deed or patent of land, which had been issued to the plaintiff, declared to be a mortgage, and to obtain a foreclosure and a sale of the land to make the amount of the mortgage debt remaining unpaid, which is alleged to exceed $1,500.

The alleged debt consisted of moneys advanced to Levi M. Evans; the widow and children of said Evans, and the administrator of his estate were made defendants; and they answered denying knowledge or information sufficient to form a belief as to some averments of the complaint, and setting up both the twenty and the ten years' limitation of actions.

The case is more fully stated in the opinion.

The circuit court rendered judgment in plaintiff's favor, de-

termining the amount of the mortgage debt at only $834.04. From this judgment the plaintiff appealed.

*Geo. T. Sumner*, for the appellant.

*Wm. H. Seaman*, for the respondent.

ORTON, J.   Levi M. Evans, now deceased, and represented here by the respondents, having been for some years, during his minority, an inmate of the family of the appellant in the state of Vermont, and having come to this state some time before the year 1853, and being desirous of purchasing and improving land for a farm, and being destitute of means, applied to the appellant, his friend and benefactor, for a loan of money, to be advanced to him from time to time for such purpose.  It was thereupon agreed between them that the appellant should advance money first to purchase and then to improve the lands described in the complaint, and that the patents thereof should be issued to, and in the name of, the appellant, and that the legal title should thereafter stand in his name as security for such advancements.   Accordingly the appellant advanced to Evans, first, money to make the first payments on the land and some money to aid him in building a house thereon, and afterwards, to make the final payments on the land and to aid in its improvement, moneys were advanced by the appellant, which, after deducting previous repayments, if any, amounted to the sum of $1,633.98, principal and interest, on the 15th day of August, 1859, as appears by the following letter of Evans to the appellant:

" $1,633.98.                     BRAINTREE, August 15, 1859.

" Received of *J. A. Spear*, at different times, money to pay for and improve a certain farm in Plymouth, Sheboygan county, Wisconsin, which said *J. A. Spear* has a deed of. The amount of all the money thus expended, and interest of the same, at this date, is $1,633.98.             L. M. EVANS."

All of these matters appear sufficiently by the written correspondence of the parties from time to time, and other docu-

mentary evidence, without resorting to proof of transactions with Evans, now deceased, coming within the prohibition of the statute. *Daniels v. Foster*, 26 Wis., 686. The only real difference between the parties in the complaint and answer is as to whether the title was to remain in the appellant for the security of advancements made to both purchase and improve the land, or only to purchase. It would seem to be very clear, from the language of the above receipt, "money to pay for *and improve* a certain farm," and from the letter of Evans of June, 1853, acknowledging the receipt of moneys which he paid out for door latches, nails and shingles, which he was using in the building of a house on the land, that both the contract and the advancements under it included both. The statutes of limitation pleaded in the answer can have no application to such a case. Both parties agree as to the real character of the transaction. Evans held a mere equity in the land, subject to the payment of the money advanced, and, this being his only interest in the lands, the respondents are as much interested in keeping alive the mortgage security as the appellant can be; for, stripped of this outstanding equity, the title of the appellant in fee is perfect and exclusive. Besides this, Evans always claimed to hold under this contract, and recognized the mortgage relation, and as late as 1875 made a payment on the indebtedness, and as late as 1878, by letter, both admitted and promised to pay such indebtedness, by the following language specially relating to it: "As to getting the money here, I can do it, but not at such interest as any farmer can afford to pay at these times. However, I will try to do so in case I cannot succeed in making a sale."

It seems that Evans intermarried with *Caroline*, one of the respondents, in May, 1853, before the final payment on the land, in December of that year, and a very large part of the money which went into improvements was evidently furnished after that time. Whatever dower interest *Caroline Evans* acquired in the lands, and whatever homestead right there

might be, are subject to the payment of the purchase money of the lands; but they would not be subject to the payment of the money expended for improvements; and this seems to be conceded. *Spencer v. Fredendall*, 15 Wis., 666; *Campbell v. Babcock*, 27 Wis., 512.

To ascertain the amount paid for the purchase of the land, keeping within the statutory rule excluding transactions with Evans, which would embrace moneys paid to him depending alone upon the testimony of the appellant, the written correspondence of the parties must alone be consulted. It is quite probable that the correspondence will not furnish *data* for the whole of this amount, but it will approximate very nearly to it, and there is no other admissible evidence. According to the letter of the appellant to Evans of December 11, 1853, the balance of the purchase money sent was $368, and the first payments on the land were $42.92, making in all the sum of $410.92. This amount, with interest thereon, is determined to be the purchase money of the lands, which must be paid without regard to any dower interest or homestead right. The sum of $1,633.98, mentioned in the receipt of August 15, 1859, must be accepted as the true amount and interest then due and determined, upon an accounting by the parties, for all money advanced, both for the purchase and improvement of the land. It not appearing when the first payments on the land were made, interest will be computed on the whole purchase money from the time the last amount of $368 was received by Evans, December 22, 1853. In short, interest on the sum of $410.92 will be computed from December 22, 1853, until August 15, 1859, and the whole of that sum deducted from $1,633.98, which will leave the balance for improvements.

The payments of $100, October 1, 1860, of $9.69, November 1, 1862, and of $28.25, May 20, 1875, will be deducted from the interest accruing after August 15, 1859, proportionally, on the two sums of purchase money and for improvements. When the two sums are in this way separately

ascertained, the order of sale will be, first, of the lands not covered by the homestead, and if on such sale there shall be a deficiency in the payment of the purchase money and interest, then the homestead to be sold only for such deficiency. If on such first sale the purchase money and interest shall be paid, then the homestead is not to be sold. The above application of payments is in fact made equally to both classes of indebtedness, but in this case it would seem to be more equitable to deduct them proportionally from the late-accruing interest on each class and not from the principal sums. This treatment of the case, and the conclusions to which we have arrived, may not be the most satisfactory to both or either of the parties, but they are believed to be the nearest approximation to a just result from the imperfect knowledge we have been able to obtain of the transactions of the parties during so great a lapse of time, conducted in mutual trust and confidence, and depending now upon meager testimony on account of the death of one of the parties.

*By the Court.*— The judgment of the circuit court is reversed, with costs, and the cause remanded with directions to render judgment according to this opinion.