STARKS and others vs. REDFIELD.

*April 23 — May 10, 1881.*

PRACTICE.    *(1) Papers usable on motion to vacate injunctional order.*
MORTGAGE.    *(2) Certain transactions held equivalent to a mortgage of land.*
INJUNCTION:    *(3) Against cutting and removing timber from mortgaged land.*

1. Under sec. 2781, R. S., where the defendant in a suit for an injunction moves to vacate a temporary injunction upon the verified answer (which has by the statute the effect of an affidavit), the plaintiff may oppose the motion on affidavits additional to those on which the injunction was granted.

2. Defendant, having a tax deed on lands, which, however, he regarded as invalid, and desiring to obtain the lands for the purpose of cutting the timber therefrom and selling it to plaintiffs (who were mill-owners engaged in manufacturing lumber in the vicinity), wrote to the owner of the land in plaintiffs' name and with their consent, opening negotiations for its purchase; and afterwards plaintiffs purchased the land, paid the purchase price, and took the deed, in pursuance of an agreement between themselves and defendant that the latter would cut the pine timber thereon and deliver it to them at their mills, at a price named, and that the value of the logs so delivered should be credited to defendant as payment upon the moneys advanced by plaintiffs for the land, until the whole should be paid; that the land should then be deeded by plaintiffs to defendant; and that in the meantime plaintiffs should hold the title as security for the moneys advanced. *Held,* that upon these facts the rights of plaintiffs were those of mortgagees.

3. Proof that defendant, after the above transactions, had built a saw-mill of his own upon or near said lands, for the purpose of sawing the tim-

ber thereon, and had already sawed a large amount of logs taken from the land, and converted them to his own use, and that, although plaintiffs had notified him to quit such cutting, etc., he continued to cut and remove and convert the timber, thus threatening to render plaintiffs' security inadequate, is ground for an injunction against such waste, without proof that defendant is insolvent.

APPEAL from the Circuit Court for *Marathon* County.

Action to foreclose as a mortgage a deed absolute on its face, and to recover any deficiency after a sale of the land, with prayer for an injunctional order restraining defendants from cutting timber on the lands included in said deed, until payment of the amount due, etc. The case is thus stated by Mr. Justice CASSODAY:

"Upon the verified complaint, the defendant was enjoined on the 7th of September, 1880, from cutting any of the pine timber from the lands in question. On the 15th of the same month, *Redfield* served a verified answer on the plaintiffs' attorneys, with notice of a motion to dissolve the injunction, based upon the answer and complaint. Upon the hearing of the motion, the plaintiffs, against the objection of the defendant, read four affidavits in opposition to such motion. From the verified complaint and the affidavits the court was justified in concluding, in effect, notwithstanding the answer, that for some time prior to March 20, 1877, the plaintiffs were the owners of mills and engaged in the manufacture of lumber at Knowlton, Wisconsin; that A. H. Robinson, of New York, owned the lands in question; and that the defendant had a tax deed thereon, which he regarded as invalid, and, being desirous of obtaining the lands for the purpose of cutting the timber therefrom and selling the same to the plaintiffs, and by and with their consent, he wrote a letter to Robinson in their name opening negotiations for the purchase of the land. In pursuance of that letter Robinson went to Knowlton and called upon the plaintiffs, and they, after conferring with *Redfield,* and in pursuance of an agreement with him, purchased

the land and the timber thereon of Robinson, and took his deed therefor, and paid him $3,350 as the purchase price, with the agreement on the part of defendant that he would cut the pine timber thereon, and upon another piece belonging to the defendant, and haul the same to the plaintiffs' mills, and let them have the same at a price named, and that the value of the logs so delivered should be applied upon and credited to the defendant upon the money so advanced by the plaintiffs to Robinson, as consideration of said purchase, until the whole should be paid, when the lands were to be deeded by the plaintiffs to the defendant; and until such payment by the defendant the lands were to be held as security for the money so advanced to Robinson. It was also alleged in the complaint, and not denied in the answer, and was therefore taken as true for the purposes of the motion, that the defendant had constructed a saw-mill of his own, near or upon said lands, for the purpose of sawing said timber into lumber, and had already sawed into lumber a large amount, to wit, 600,000 feet, from logs taken from said land, and converted the same to his own use; and that, although the plaintiffs had notified the defendant to quit such cutting, hauling and converting to his own use, yet he continued to cut and remove said timber, and sell and dispose of the same."

The court made an order refusing to dissolve the injunction; and defendant appealed from that order.

The cause was submitted on the brief of *Raymond & Haseltine* for the appellant, and that of *G. W. Cate* for the respondents.

CASSODAY, J. Section 2781, R. S., provides, in effect, that the application to vacate or modify an injunction may be made upon the papers on which the injunction was granted, or upon proofs by affidavits or otherwise, on the part of the moving party; and, if the application be upon such proofs, but not otherwise, the opposite party may oppose the same by like

proofs, in addition to those on which the injunction was granted; but the answer, duly verified, shall be given only the effect of an affidavit in determining the right to an injunction. Here the defendant moved to vacate upon proofs by verified answer, which, for the purposes of the motion, had the effect of an affidavit; and hence the plaintiffs, under the statute, had the right to oppose the same by like proofs, in addition to those on which the injunction was granted. This being so, the court properly allowed the plaintiffs to read the four affidavits in resisting the motion to vacate.

It is urged that the defendant acquired no interest in the land by reason of the purchase and conveyance from Robinson, in pursuance of the parol understanding and agreement between the plaintiffs and the defendant.

In *Carr v. Carr*, 52 N. Y., 251, it was held that "in order to establish that a conveyance, absolute upon its face, was intended as a mortgage, and to give it effect as such, it is not material that the conveyance should be made by the debtor, or by him in whom the equity of redemption is claimed to exist. Whenever property is transferred, no matter in what form or by what conveyance, as security for a debt, the transferee takes merely as mortgagee, and has no other rights or remedies than the law accords to mortgagees. Accordingly, *held*, that where D. contracted for the purchase of certain premises, and had made partial payments thereon, and plaintiff, at the request of D., advanced the balance of the purchase money, and as security for the sum so loaned took a conveyance from the vendor, D. taking possession of the premises and occupying them as his own, and making subsequent payments to plaintiff, the latter was simply a mortgagee, and could not maintain ejectment." In the opinion of the court, ALLEN, J., said: "In truth, the consent of D. was to a conveyance to the plaintiff in such form only as to secure the payment of the advance; and, although he may have mistaken the law and his legal rights, the purpose being lawful, he has not lost his title

as against the grantee seeking to make a fraudulent use of the grant." Page 261. The case is in harmony with the decisions in this court. *Rogan v. Walker*, 1 Wis., 527; *Sweet v. Mitchell*, 15 Wis., 641; *Spencer v. Fredendall*, 15 Wis., 666; *Kent v. Agard*, 24 Wis., 378; *Wilcox v. Bates*, 26 Wis., 465; *Andrews v. Jenkins*, 39 Wis., 476; *Spear v. Evans*, 51 Wis., 42.

In *Sweet v. Mitchell*, a judgment creditor bid in the lands of his debtor upon the execution sale, with the verbal agreement to reconvey them to him on payment of a certain sum, which was advanced by a third person, who took the conveyance to himself upon a verbal agreement with the debtor that he would hold the land as security for what the debtor owed him; and it was held that parol proof of the facts was admissible to show that the transaction was a mortgage. In *Spencer v. Fredendall*, the latter purchased the former's homestead at a foreclosure sale, upon an oral agreement that he would hold it as security for the repayment of the money advanced by him; and it was held that, on payment by *Spencer* of the money advanced, he was entitled to a reconveyance. In *Wilcox v. Bates*, Naiden recovered judgment of foreclosure and sale against Wilcox, and on the foreclosure sale the lands were bid in by Bates and Harvey, in pursuance of a parol agreement between them and Wilcox that they would hold the title thus obtained as security for the money advanced on the purchase; and this court held the transaction to be merely that of a loan of money and security by way of mortgage.

The facts of this case seem to bring it within the principles of the authorities cited. Had the plaintiffs passed the money as a loan into the hands of the defendant, and had he paid it to Robinson, and had Robinson thereupon conveyed the land to the plaintiffs, at the request of the defendant, with the understanding that they should hold the title as security, we apprehend no one would claim that the transaction was not

essentially a mortgage; and yet such is the substance of the transaction in equity. The only perceptible difference is, that the defendant did not in fact handle the money. The defendant's tax deed was confessedly void, yet it was sufficient to give color of title to one in possession. Its existence may have secured better terms on the purchase from Robinson. It seems quite certain that the defendant has been in possession for some considerable time since the deed from Robinson, otherwise he could not have taken therefrom the 600,000 feet of lumber. To disclaim all title under the tax deed, and all interest in the purchase from Robinson, would leave the defendant without any possible excuse for his conduct in taking the timber therefrom, and threatening the continuance of the same. Upon the theory of the plaintiffs, he would, as mortgagor, have color of right to take the timber; but the threatened continuance of such waste would involve an irreparable injury to the land, which would render the security inadequate, and entitle the plaintiffs, as mortgagees, to an injunction, without averring or proving the defendant's insolvency. *Fairbank v. Cudworth*, 33 Wis., 358.

*By the Court.*— The order of the circuit court is affirmed.