FARWELL and others, Appellants, vs. WILMARTH, Garnishee, etc., Respondent.

*January 13 — February 2, 1886.*

**Garnishment: Mortgagee holding under deed absolute on its face: Fraudulent conveyance.**

B. conveyed land to W. by deed absolute on its face, and the latter agreed to reconvey on payment of a certain sum with interest. The transaction was in fact a mortgage to secure repayment of a loan. B. afterwards quitclaimed to his daughter for a nominal consideration, and she conveyed to a third party, subject to the claim of W. and another mortgage. In garnishment proceedings against W. by a judgment creditor of B., *held:*

(1) W. being a mere mortgagee, and the mortgage being unpaid, was not liable to garnishment.

(2) The question whether the deed from B. to his daughter was fraudulent could not be determined in such proceedings.

APPEAL from the Circuit Court for *Ashland* County.

The case is thus stated by Mr. Justice CASSODAY:

"August 7, 1884, the plaintiffs sued Barber, and September 9, 1884, obtained a judgment against him for $631.81. At the time of commencing the action the plaintiffs garnished *Wilmarth*, who answered, in effect, denying any indebtedness to Barber, or of having any property belonging to him; and also further answered that he had given Barber an agreement or option to purchase two lots described for $1,225, and interest at ten per cent., if paid for within a year from April 20, 1884. With this answer the plaintiffs took issue; and then moved for judgment thereon that the garnishee convey the lots to the sheriff for the benefit of the plaintiffs, on their paying to him the amount named, with the interest. This motion being denied, the issue so joined was tried in July, 1885; and the court found as facts, in effect, that April 19, 1884, Barber conveyed the lots to *Wilmarth* by warranty deed, which was recorded April 28, 1884; that April 20, 1884, *Wilmarth* gave back to

Barber an ordinary land contract, agreeing to reconvey the lots on payment of the sum named and the interest, in one year from that date, and that the contract was recorded January 13, 1885; that the transaction was, in effect, a mortgage from Barber to *Wilmarth* for the amount named; that August 8, 1884, a deed of the lots from Barber to his daughter, Nora, was recorded, bearing date July 31, 1884, and expressing a consideration of one dollar; that December 10, 1884, Nora conveyed the lots to Balch by warranty deed recorded January 13, 1885, subject to *Wilmarth's* said claim and another mortgage of $800; that the evidence showed that the deed to Nora was fraudulent and void as to Barber's creditors. As conclusions of law the court found, in effect, that at the time of garnishment the legal title to the lots was in Barber, and that *Wilmarth* was merely a mortgagee thereof, and not liable to garnishment; that the question whether the conveyance to Nora was fraudulent and void could not be tried in this action; that *Wilmarth* was entitled to judgment against the plaintiffs for costs, and the same was accordingly directed. From the judgment entered accordingly the plaintiffs appeal."

The cause was submitted for the appellants on the brief of *Miles & Gleason*, and for the respondent on that of *Knight & Hayes*.

For the appellant it was argued, *inter alia*, that it was error to deny the plaintiffs' motion for judgment. The answer of the garnishee was an admission that he had real property under his control in which the defendant had an interest, within the meaning of secs. 2752, 2760, 2762, R. S. The defendant had an equitable interest in the land; such interest was attachable and liable to sale on execution; and the garnishee was therefore liable to account to the plaintiffs for that interest. *Farnsworth v. Brunquest*, 36 Wis. 202; *Van Camp v. Peerenboom*, 14 id. 70; *Keyes v. M. & St. P. R. Co.* 25 id. 691.

CASSODAY, J.    All agree that the conveyance from Barber to *Wilmarth*, and the contract back, were, in substance and effect, the mere security for the repayment of a loan of money and interest, and hence constituted an equitable mortgage.    Being such, it merely created a lien upon the land, and *Wilmarth* took no interest in the same, except as mortgagee, and had no other rights nor remedies than the law accorded to mortgagees, and the equity of redemption remained in Barber as the mortgagor.    *Brinkman v. Jones,* 44 Wis. 498; *Howe v. Carpenter,* 49 Wis. 702; *Spear v. Evans,* 51 Wis. 42; *Starks v. Redfield,* 52 Wis. 352, 353, and cases there cited; *Hoile v. McCulloch,* 58 Wis. 448; *First Nat. Bank of Madison v. Damm,* 63 Wis. 253, and cases there cited.    *Wilmarth* being a mere mortgagee, and the mortgage being unpaid, he could in no sense be regarded as indebted to the mortgagor, nor as holding the equity of redemption.    The case made did not come within the purview of sec. 2752, R. S.    If the plaintiffs, as creditors of the mortgagor, desired to collect their debt, or any part of it, out of Barber's equity of redemption, they should have instituted proper proceedings to reach the land.    Certainly the garnishment in this case was not such a proceeding. *Smith v. Weeks,* 60 Wis. 94.

Upon the issue made we think the court properly held that it had no authority to determine whether the deed given by Barber to Nora before the commencement of the action, or the deed given by Nora to Balch after the commencement of the action, was or was not fraudulent and void as to Barber's creditors.    Those questions were not at issue, and the parties to them were not before the court.

*By the Court.*— The judgment of the circuit court is affirmed.