CHARLES E. GRAY *versus* GEORGE BROWN *& als.*

Where a promissory note embraced usurious interest, and, after suit brought, the holder, without the knowledge of the maker, and without actually receiving anything, indorsed a sum not sufficient to reduce it to the amount of the actual principal and legal interest to that time, the note is still usurious, and subject to all the provisions of R. S. of 1857, c. 45.

ASSUMPSIT on a promissory note given by the defendants, dated Nov. 12, 1858, for one hundred dollars and interest, payable in eight months.

The defendants pleaded the general issue, but relied on usury in the contract declared on for defence.

It was admitted that the sum loaned to them by the plaintiff was ninety-four dollars, which was the sole consideration for the note; that in July, 1860, the plaintiff indorsed on the note, "received six dollars"; but that neither of the defendants paid anything, or knew of said indorsement until afterwards.

The facts were agreed upon, and submitted to the law Court to render such judgment as the case required.

*R. Foster,* for the plaintiff, cited *Wing* v. *Dunn*, 24 Maine, 128; *Cummings* v. *Blake*, 29 Maine, 105; *Hankerson* v. *Emery*, 37 Maine, 16; *Lumberman's Bank* v. *Bruce*, 41 Maine, 505; *Knight* v. *Frank*, 48 Maine, 320.

*S. Heath,* for the defendants.

The plaintiff, having admitted that the note was usurious, can recover only $94 and legal interest, without costs, and must pay the defendants' costs, unless something has occurred since the suit was commenced to change the result.

In July, 1860, the plaintiff indorsed six dollars on the note, without the knowledge of the defendants, and without their having paid anything. But, under our present statute, an indorsement of the full amount of excessive interest on a note tainted with usury, cannot, after suit brought, avail the plaintiff against the penalty for instituting such action.

Our usury law has been essentially changed. In 1820, a usurious contract was void. In 1841, the party reserving or taking usurious interest could recover no costs, but must pay costs to the other party, provided the damages were reduced by the *oath* of the defendant by reason of such usurious interest. In 1846, "provided the damages are reduced by proof of such usurious interest." In 1857, "and in *such action*, if the damages are reduced by proof of such excessive interest by the oath of the party or *otherwise*," &c.

The decisions under the usury law have been principally made under the law of 1841 and 1846. *Cummings* v. *Blake*, 29 Maine, 105, was made when the statute required the damages to be reduced by the *oath* of the party. *Hankerson* v. *Emery*, 37 Maine, 16, is wholly unlike in its facts to the present case, and was decided under the law of 1846. Neither of these cases throws any light upon the true construction of the last statute.

After sundry decisions, the Legislature saw fit to change the law in many particulars, as will be seen by comparing the earlier and later statutes.

Chapter 45, § 2, R. S. reads,—"In any action brought on any contract whatever, in which there is *directly* or *indirectly* taken or *reserved* a rate of interest exceeding that established in section 1, (being six per cent.,) the defendant may, under the general issue, prove such excessive interest, and it shall be deducted," &c. And the concluding portion of the same section, reads thus,—"And, in *any such action*," that is, one brought on a contract thus tainted, (the plaintiff brought suit to recover the whole of a note admitted to be usurious,) "if the damages are reduced by proof of such excessive interest by the oath of the party or *otherwise*," &c.

The word "*otherwise*," has a wide meaning, whether in the statute it refers to other modes of proof than the oath of the party, or to the reduction of damages in any manner in *such an action*.

If it refers to other kinds of proof merely, the admission

of the fact of usury by the *party*, or of a fact from which the Court must necessarily infer usury, is the very highest and most satisfactory kind of proof; and this proof, too, is furnished at the trial of the cause. If the term "otherwise" refers to a reduction of the damages, below what the plaintiff demanded in such tainted action, then of course an indorsement of the excess will not save the plaintiff from the statute penalty.

It appears to have been the design of the Legislature, in the latest statute, to make usury a losing business, and that whenever a party should resort to the *law* to recover what the law said he should not have, he should not be able to resort to any shifts by indorsement of the amount reserved, to escape the legal penalty. The term "otherwise" effectually closes the door against all such attempts to escape.

But if the Court should be of opinion that a party may purge the tainted contract, after a suit upon it is instituted, by an indorsement of the excess, still, in this case, the plaintiff has failed to make an indorsement equal to the excess. The case finds the indorsement of $6 was not made until July, 1860. Although no date is affixed to the indorsement on the back of the note, the facts agreed have fixed the time when it was actually made. If this note had been pure in its inception, and upon it was found an indorsement of a certain sum without date, without any evidence as to the time of payment, it would be deducted as of the date of the note; but, if evidence was introduced that it was actually made at a subsequent period, the holder would be entited to recover the whole sum and interest to the time of the actual payment, and the balance after deducting the sum indorsed. And in this case, if it is to be determined on the principle invoked by the plaintiff, that the damages are reduced by the *voluntary indorsement of the plaintiff*, still, the indorsement is not large enough, as he sued for the entire note, and did not remit the $6, until the note had been running twenty months. The indorsement is to be deducted at the time it was actually made. So that in any view that

may be taken of the law, the diminution of the amount of the note by the indorsement is not equal to the excess of interest reserved therein. In any event, the judgment must be for a less sum than *sued for*, the defence being usury alone, which brings it within the provisions of the statute and makes the plaintiff liable to pay costs.

In a case under a prior statute, the Court say : —"The provision of the statute was intended ·as a penalty to prevent the reserving and taking usurious interest, and is not to be evaded." *Warren* v. *Coombs*, 20 Maine, 144.

*Drummond*, in reply, contended that the indorsement having been made without date, it is to be construed as made at the date of the note. The actual time of payment may be shown, but here was no payment. The indorsement was evidently made to show the true consideration for the note.

The plaintiff, after the indorsement, claims only $94, and legal interest thereon. It is admitted that he is to recover this, which is all he claims. How, then, are the damages reduced by proof?

The time of the indorsement is of no consequence. The date of the payment controls. When was the payment made, which this indorsement is to acknowledge? It was at the date of the note, and must be so allowed.

The opinion of the Court was drawn up by

Tenney, C. J. — The note in suit, for the sum of one hundred dollars, bearing interest from date, was given for the sole consideration of the loan of the sum of ninety-four dollars, for the term of eight months. And the case would fall within the prohibition of R. S., c. 45, provided no indorsement had been made. And the question is, whether the indorsement of the sum of six dollars, without date, upon the note, made by the plaintiff in July, 1860, neither of the defendants having made any payment, or having any information of the indorsement for several weeks afterwards, will take the case out of the provisions of the statute.

By the statute of 1846, c. 192, it was provided that in any suit brought, where more than legal interest shall be reserved or taken, the party so reserving and taking shall recover no costs, but shall pay costs to the defendant, provided the damage shall be reduced by proof of such usurious interest. A construction was given to this statute in the case of *Hankerson* v. *Emery & als.*, 37 Maine, 16, and it was held therein, that the proof of usurious interest, was that which should be derived from the evidence adduced at the trial, and not that afforded by an indorsement before the institution of the suit. The indorsement, before the institution of the suit, was a fact in that case, and we see no reason why it should have any effect upon the decision; more than it would have if made at any time between the delivery of the note and the trial of an action thereon; and it was clearly not designed to be any ground for the result.

The R. S. of 1857, c. 45, § 2, provide that, in any such action, if the damages are reduced by proof of such excessive interest, by the oath of the party or otherwise, the plaintiff shall recover no costs, &c. This statute, so far as it relates to costs in actions referred to therein, is substantially the same as that of 1846, upon the same subject. In the former, the evidence of usury was not restricted at all; in the latter, it is the same, but one kind of evidence which is admissible is specified, and other kinds embraced in general terms.

If there had been no evidence or agreement touching the time when the indorsement was made upon the note in suit, the presumption would be that it was done at the time the note was given. The date of a writ, which was made on the Sabbath, according to the date, has been upheld, on proof that it was not made on that day. *Trafton* v. *Rogers*, 13 Maine, 315. So the date of a writ is not conclusive evidence of the time when it was sued out, so as to affect a plea of the statute of limitations. *Johnson* v. *Farwell*, 7 Maine, 370. The presumption of law, that a negotiable promissory note was indorsed and tranferred by the

payee on the day of its date, there being no date to the indorsement, may be rebutted by proof that it remained the property of the payee till a later period. *Hutchinson* v. *Moody*, 18 Maine, 393. The same principles will apply, certainly with equal force, to a payment indorsed on a note, with an erroneous date, or without any date; and the time of payment may be proved.

The indorsement in this case must be treated as indicative of a relinquishment of the sum indorsed at the time it was placed upon the note, and in this respect, it does not differ from a payment. The presumption that it was indorsed at the time the note was executed, can be rebutted in one case as in the other, by proof of the time when it was made. In this case it is admitted that it was made long afterwards.

If the indorsement had been of a sum so large that the amount of the note would have been no more at the time it was made than the sum of ninety-four dollars, and the interest thereon to that time, the case would fall within the principle of the case of *Hankerson* v. *Emery & als.*, before cited. But the interest cast upon this note, according to the well settled rule of this Court, will exceed the amount of the sum of ninety-four dollars and interest thereon. Judgment will be for the plaintiff for the amount of the sum of ninety-four dollars, and interest thereon from the date of the note to the time of judgment, without costs, but he shall pay costs to the defendants.

RICE, GOODENOW, MAY, DAVIS and KENT, JJ., concurred.