Howe vs. Carpenter.

HOWE VS. CARPENTER.

*June 2 — June 23, 1880.*

PENALTY FOR USURY. *(1) What* delivery *of property must be shown. (2) What constitutes a delivery of real property.*

1. Under a statute which provides that every person who, for a loan or forbearance of money, "shall have paid or *delivered* any greater sum or value" than is allowed by law, may recover "treble the amount of money so paid or value received" in excess of the legal rate, the *delivery* of the property as for usurious interest must be such a delivery as *passes the title;* and a delivery of the possession of real estate under an agreement to transfer the title, is not a sufficient delivery to sustain an action under this statute.

2. Where the grantee of land by deed absolute on its face, executes to the grantor a cotemporaneous bond for a reconveyance on repayment of a certain sum, and, after default in payment, the bond is destroyed by mutual consent, and possession of the land given to such grantee in pursuance of a new contract including a parol agreement of the grantor to surrender all claim upon the land, such delivery of possession does not pass the title, nor is the grantor *estopped*, by his destruction of the bond, from denying that the title passed by the deed.

APPEAL from the Circuit Court for *Eau Claire* County. The case is thus stated by Mr. Justice TAYLOR:

" The plaintiff recovered a judgment in the court below for the sum of $420.06, being three times $140.02, which the plaintiff claimed to have paid the defendant as usurious interest upon a loan of money theretofore made by the plaintiff

Howe vs. Carpenter.

from said defendant. The evidence establishes the following facts: That on the 3d day of January, 1878, the plaintiff borrowed of the defendant the sum of $360, and previous to that date he had borrowed an amount which, with the interest, added to the sum of $360, made in all the sum of $463.69; that, to secure the payment of this sum, with interest at ten per cent., the plaintiff executed and delivered to the defendant a warranty deed of his farm, containing 160 acres of land, the defendant giving him at the same time a bond for a deed of said land, conditioned that upon the payment of $463.69, one-half in the succeeding fall, and the other half in one year from the date thereof, with interest at ten per cent., the defendant would convey said farm to the plaintiff; that at the time such loan was made, and the deed and the bond executed, the plaintiff also gave to the defendant his two promissory notes — one for $62.75, due February 3, 1879, with interest at ten per cent., and one for $77.27, due ten months after date, with interest at ten per cent.; and that these notes were given for usurious interest on the said sum of $463.69, which the plaintiff had borrowed of the defendant, and the payment of which he had secured by the deed of his farm.

"The evidence further shows that the plaintiff never, in fact, paid in money any part of the $463.69, or of the two usurious notes; that the farm which the plaintiff conveyed to the defendant to secure the payment of said $463.69 was, at the date of such conveyance, incumbered by mortgages and judgments which were previous liens, and which, on the 25th day of January, 1879, when the plaintiff claims he sold said farm absolutely to the defendant, amounted to about the sum of $3,120. In addition to this sum there were the unpaid taxes of 1877 and 1878, amounting to the sum of $64.12, making the incumbrances on the farm, January 25th, 1879, about $3,184, over and above what was due the defendant upon the loan of $463.69, which, with the interest added, amounted at that date to $512.21; making the whole amount of the incum-

brances on the farm January 25th, 1879, $3,696.21, or nearly that sum, without including the amount of the two usurious notes for $140 and interest.

"The evidence further shows that on the 25th day of January, 1879, the plaintiff agreed to surrender all his right to the farm to the defendant, in consideration that the defendant would obligate himself to pay all the previous incumbrances thereon, and save him harmless as to all such incumbrances, and release the plaintiff from the payment of the said sum of $463.69 and interest, and surrender to the plaintiff the two usurious notes above mentioned; and that, in pursuance of this agreement, the defendant gave to the plaintiff his contract, under seal, to pay all said incumbrances, and the duplicate bonds for a deed of the farm, from the defendant to the plaintiff, were sur-rendered and destroyed by the parties. The two usurious notes were also surrendered to the plaintiff, and the possession of the farm was thereupon delivered to the defendant, who has ever since remained in possession thereof. This last trans-action between the parties is relied upon by the plaintiff to show that he has paid the two usurious notes, for which he claims to recover treble the amount thereof in this action."

After the testimony was closed, defendant requested the court to direct a verdict in his favor. The court refused to give such direction, and instructed the jury that the surrender of the bond for a deed, with the possession of the farm under the contract of January 25, 1879, and the transaction of that date, amounted to such a payment as would support this action, if the facts were as claimed by plaintiff.

There was a verdict for the plaintiff; a new trial was refused; and defendant appealed from a judgment on the verdict.

For the appellant there was a brief, filed in behalf of *Campbell & Erwin*, his attorneys, signed by *Levi M. Vilas*; of counsel, and oral argument by *Mr. Vilas*. They contended, *inter alia*, that the deed to the defendant was merely a mort-gage to secure payment of the debt of $463, and conveyed no

title. *Brinkman v. Jones*, 44 Wis., 498; *Sage v. McLaughlin*, 34 id., 550; *Magoon v. Callahan*, 39 id., 141. The subsequent acts and agreement of the parties did not operate to transfer the title to the defendant. *Trimm v. Marsh*, 54 N. Y., 599; *Odell v. Montross*, 68 id., 499; *Heath v. Page*, 48 Pa. St., 130; *Brinkman v. Jones, supra.* They amounted, at most, to an executory contract for the conveyance of the title to him. Usury must have been actually paid before a cause of action arises to recover it back under the statute. *Stevens v. Lincoln*, 7 Met., 525; *Thomes v. Cleaves*, 7 Mass., 361; *Smith v. Robinson*, 10 Allen, 130. And where the payment is made in specific property, the property must be so delivered as to pass the title to it. No title to the land having passed to the defendant, this action cannot be maintained.

For the respondent there was a brief by *Meggett & Teall*, and oral argument by *Mr. Meggett.* They argued that the agreement of January 25, 1879, between the parties, was a completely executed contract, by which the plaintiff paid with his farm all his indebtedness to defendant, including the usurious interest attempted to be recovered back in this action. By such agreement the relation of debtor and creditor ceased to exist between the parties; and, with the delivery of the farm under the agreement, the prior deed to the defendant became absolute. The plaintiff is estopped from denying that such was the effect of that agreement, by his surrender of the bond or defeasance. *Trull v. Skinner*, 17 Pick., 215. The defendant is estopped by his acts in procuring such surrender, and by his receiving and enjoying the benefits of the transaction in payment of the debt and usury claimed by him. 2 Washb. R. P. (3d ed.), 67; *Harrison v. Trustees*, 12 Mass., 456; *Falis v. Conway, etc., Ins. Co.*, 7 Allen, 46; *Trull v. Skinner*, 17 Pick., 213.

TAYLOR, J. There is a dispute between the appellant and respondent as to the nature of the final transaction above

Howe vs. Carpenter.

described. The respondent claims that he sold the farm to the appellant at a price named, $3,733; that this sum was paid by the respondent assuming the payment of the incumbrances and releasing him from the payment of the said sum of $463.69, and the interest, and from the payment of these usurious notes; and that the incumbrances, with the amount due on the loan of $463.69, and the usurious notes, amounted to said sum of $3,733. The appellant claims that there was no price set upon the farm, but that the respondent, having declared himself unable to pay off the incumbrances, proposed that he should take the place and assume the payment of the incumbrances, and release the appellant from his bond, and that nothing was said about the payment of the usurious notes. Under the instructions of the court the jury must have found that the transaction was as stated by the respondent; and as there is evidence to support their finding, it is conclusive upon this appeal. This is the view of the case taken by the learned counsel for the appellant, and, admitting that the transaction was as claimed by the respondent, he insists that it does not show a payment of the usurious notes by the respondent, either in money or land, and that the action cannot, therefore, be maintained.

The action is brought upon section 1691, R. S. 1878, which reads as follows: "Every person who, for any such loan or forbearance, shall have paid or delivered any greater sum or value than is above allowed to be received, may, by himself or his personal representative, recover in an action against the person who shall have taken or received the same, or his personal representative, treble the amount of money so paid, or value delivered, above the rate aforesaid, if such action shall be brought within one year after such payment or delivery."

It is insisted by the respondent that he sold his farm to the appellant, and paid these usurious notes by allowing the appellant credit for the amount of the same as a part of the purchase price agreed to be paid therefor by him. The learned

Howe vs. Carpenter.

counsel for the appellant claims that, as the action given by the statute is penal in its nature, the statute should receive a strict construction, and nothing short of actual payment of the money or delivery of the property in such manner as to pass the title to the party receiving the same upon such usurious contract, will entitle the plaintiff to recover. *Stevens v. Lincoln*, 7 Met., 525; *Thomes v. Cleaves*, 7 Mass., 361; *Smith v. Robinson*, 10 Allen, 130; *Heath v. Page*, 48 Pa. St., 130.

Admitting the transaction to have been as the respondent claims it, it is insisted by the learned counsel for the appellant that he has failed to show a delivery to the appellant, within the meaning of such statute, of any property in payment of these usurious notes. We think the learned counsel for the appellant is right in his conclusion. The whole evidence shows that the original transaction between the parties on January 3, 1878, was a loan of money by the appellant to the respondent, and that the absolute deed was, in fact, a mortgage given for securing the payment thereof, with interest. The respondent so understood it; he did not understand it as a conditional sale. He treated the farm as his until January 25th, 1879; and occupied it as his own up to that date, and says he then sold it to the appellant for the sum of $3,733, and delivered the possession to him; but he fails to show that he conveyed to the appellant any title to the same.

Under the repeated decisions of this court, and especially the decision in the case of *Brinkman v. Jones*, 44 Wis., 498, it is held that the legal title to real estate does not pass to the mortgagee, no matter what the nature of the conveyance may be, which is given to him as security for his loan; and that when the evidence, either written or parol, establishes the fact that the relation of mortgagor and mortgagee exists between the parties, then the legal title to the real estate remains in the mortgagor, and such title can only be divested by foreclosure and sale, or by some subsequent conveyance founded upon a sufficient consideration, and sufficient in the law to transfer

Howe vs. Carpenter.

the title to realty from the mortgagor to the mortgagee. The evidence in this case shows that nothing has been done by the parties to this action which could operate to pass the legal title of the farm to the appellant. No conveyance of any kind has been made. Taking the respondent's statement to be the true one, it amounts to an agreement on the part of the respondent to sell his farm to the appellant on condition that the latter assumes the payment of the incumbrances and releases him from the payment of the money loaned and the usurious notes; and in pursuance of such agreement the appellant has obligated himself in writing to pay the incumbrances, and has released the respondent from his debts to him, including the usurious notes, and the respondent has delivered the possession of the farm to the appellant; but no conveyance of the title of the farm has been made by the respondent to the appellant. The legal title to the farm still remains in the respondent. It cannot, therefore, be said that he has delivered any property to the appellant in payment of the usurious notes. The word "delivered," as used in the statute, means such a delivery as passes the title to the party receiving the same. A delivery of the possession of real estate, under an agreement to transfer the title, is not a sufficient delivery to authorize the maintenance of an action under this statute. This view of the rights of the parties, under the statute, we think is fully sustained by the authorities above cited. The learned counsel for the respondent argues that, the fact appearing that the respondent had surrendered and destroyed his bond for a deed, taken at the time the original conveyance was made to the appellant, and had delivered the possession of the farm to him under the agreement made January 25, 1879, the respondent, and all persons claiming under him, are estopped from showing that the legal title is not in the appellant; that in consequence of such estoppel the parties are in the same situation they would be in had a conveyance of the title been made to the appellant; and that, as a consequence, it should be held that the respondent has delivered the farm in payment of the usurious

interest. We do not think the plaintiff is estopped by the destruction of the bond for a deed, and the delivery of the possession of the farm to the appellant, from showing the legal title in himself; and it is probable that a court of equity would still permit him to redeem the property from the original mortgage debt, if it appeared that the agreement to convey the legal title was tainted with usury.

The mere destruction of the bond for a deed given by the appellant to the respondent would not estop him from showing that the original deed was a mortgage. There is no evidence in this case which shows that the bond for a deed contained written evidence showing that the original deed was given as a mortgage security. On the other hand, such a bond for a deed, standing alone and unexplained, would tend to prove the relation of vendor and vendee between the parties, rather that that of mortgagor and mortgagee. If the contract made between the parties at the time the original deed was given, had been embodied in a written defeasance, showing that the deed was given to secure a loan of money from the grantee to the grantor named therein, and reciting the terms of such loan and the conditions upon which the deed should become void, and the grantor had afterwards voluntarily destroyed such written contract and surrendered the possession of the mortgaged premises to the grantee named therein, he might be estopped from giving parol proof of such contract for the purpose of defeating the title of the mortgagee in possession, under the rule of evidence which prevents a party from giving parol evidence of a contract which has been reduced to writing by the parties thereto; and the party offering such parol evidence would not be relieved from the application of the rule if it appeared that he had voluntarily destroyed the written evidence of such contract. This is the estoppel spoken of by Chief Justice SHAW in the case of *Trull v. Skinner*, 17 Pick., 213. The estoppel invoked in that case is not shown to exist in this case. The destruction of the bond for a deed does not destroy any written contract of the parties showing that the

deed of January 3, 1875, was in fact a mortgage. The bond, if in existence, would not show that fact. The evidence of it rested in parol, and it may therefore be proved by the appellant notwithstanding the bond is destroyed.

We must treat the case, therefore, as stated by the respondent, as an agreement on his part to sell to the appellant the farm in question for the sum of $3,733; that the appellant has paid all the purchase money and entered into the possession of the lands under his contract of purchase; and, if the respondent should not object on the ground that the contract was tainted with usury, a court of equity would order the respondent to convey the legal title to the appellant; but, the respondent not having conveyed such legal title at the time this action was commenced, he cannot maintain it. The court below erred in holding that the transaction between the parties was a payment of the usurious notes by the respondent; and for that reason the judgment must be reversed. It will be unnecessary, therefore, to consider the question whether the court erred in permitting the deed given by the respondent to the appellant to be read in evidence upon the question of the value of the farm.

If we adopt the view of the transaction stated by the respondent himself, there would be no reason for inquiring as to the actual value of the farm. If the appellant agreed to pay the sum of $3,733, as the respondent says he did, and the respondent agreed to accept that sum in full satisfaction therefor, then the question as to its real value would not be in the case, as the parties had fixed the value as between themselves; and the only question would be, whether, in making the payment of this sum of $3,733, it was agreed that the appellant should take a credit to himself for the amount of these usurious notes, or for any part thereof. But, in the view we have taken of the case, it is unnecessary to inquire further as to this matter.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.