J. H. McMurtry, impleaded with University Board-
ing Hall Association, plaintiff in error, v.
Tuttle & Doolittle, defendants in error.

1.  **Summons:** SERVICE ON CORPORATION. Where the president
or chief officer of a corporation is absent from the county, serv-
ice may be made upon the treasurer.

2.  **Confirmation of Sale in Vacation.** A judge of the district
court has authority, under section 498 of the code, in vacation
to confirm a sale of real estate made upon execution.

ERROR to the district court for Lancaster county.    Tried
below before POUND, J.

*J. A. Marshall,* for plaintiff in error.

*S. J. Tuttle,* for defendants in error.

MAXWELL, J.

On the twenty-ninth day of July, 1882, the sheriff of
Lancaster county sold, upon execution, lot 12 in S. W.
Little's addition to Lincoln, to J. H. McMurtry, for the
sum of $850.    The plaintiffs in execution thereupon filed
a motion to confirm the sale, and caused a notice of the
same to be served upon the University Boarding Hall
Association by "leaving a true and correct copy of the same
with Austin Humphrey, treasurer of the defendant corpo-
ration, the president and secretary of the same both being
absent from said county and state."    The purchaser resisted
the confirmation upon two grounds, viz., that the service of
process was defective, and that the court had no author-
ity in vacation to confirm a sale upon execution.    The
court overruled the objections, and confirmed the sale.
The purchaser brings the cause into this court by petition
in error.

Sec. 73 of the code provides that a summons against a corporation may be served upon the president, manager, chairman of the board of directors or trustees, or other chief officer; or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or if none of the aforesaid officers can be found, by a copy left at the office, or last usual place of business of such corporation.

The notice in this case was properly served on the treasurer of the corporation, the president and secretary being absent, and the statement of such absence in the return is sufficient. The first assignment of error was therefore properly overruled.

Sec. 498 of the code provides that if the court, upon the return of any writ of execution or order of sale, for the satisfaction of which any lands and tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has in all respects been made in conformity to the provisions of this title, the court shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and an order that the officer make to the purchaser a deed of such lands and tenements; and the officer on making such sale may retain the purchase money in his hands until the court shall have examined his proceedings as aforesaid, when he shall pay the same to the person entitled thereto, agreeable to the order of the court. *Provided,* That the judge of any district court may confirm any such sale at any time after such officer has made his return, on motion and ten days notice to the adverse party or his attorney of record, if made in vacation. When any sale is confirmed in vacation, the judge confirming the same shall cause his order to be entered on the journal by the clerk.

Sec. 23, art. VI of the constitution provides that: "The several judges of the courts of record shall have such jurisdiction at chambers as may be provided by law." The

legislature therefore had authority to confer jurisdiction upon the judges of the district courts to confirm in vacation sales of real estate made upon execution. The order, though made in vacation, must be entered on the journals of the court and become a part of its records, and has the same effect as though made in open court. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.