JACKSON *vs.* GARNER.

The forfeiture by statute for taking usury is complete as soon as the usury is paid, whether in cash or by substituting the note of a third person equivalent to cash.

November 29, 1887.

Interest and Usury. Promissory Notes. Before Judge HUTCHINS. Gwinnett Superior Court. March Term, 1887.

The borrower gave his notes to the lender for a loan procured at a usurious rate of interest, and paid the whole, partly in cash and partly by causing a third person to give his note, with personal security to the lender. The borrower's notes were surrendered and destroyed. The substituted note was paid in full, pending the present action by the borrower against the lender to recover back the usury, the action being brought after that note was ac-

cepted, but before it was paid. The court held the action maintainable.

S. J. WINN & SON, for plaintiff in error.

T. M. PEEPLES, for defendant.

BLECKLEY, Chief Justice, (after stating the above facts.)

By section 2057(a) of the code, it is declared unlawful to reserve, charge or take, for any loan or advance of money, any rate of interest greater than eight per cent. per annum, either directly or indirectly; and by the next section it is laid down that any person violating the provisions of the foregoing section, shall forfeit the excess of interest so charged or taken, or contracted to be reserved, charged or taken.

It is not improbable that the forfeiture results from the contract itself; but this was not a suit strictly for the forfeiture, but an action of *assumpsit* proceeding on the theory that usury had been paid. Some requests to charge the jury were made, going to the question as to whether a promissory note would be payment until it was paid. The court gave the request with modifications, so as to meet the actual facts of the case. This was not a case in which the borrower passed to the lender in payment the promissory note of a third person, but it was a case in which the borrower procured a third person to give a note to the lender with personal security. That note was due sometime after the settlement, but the borrower was discharged, his papers were surrendered and destroyed, and there was no longer any debt from him to the lender, the lender accepting a third person as his debtor and taking his note with security, due several months after settlement. Before that note matured, the action was brought by the borrower against the lender for the usury; the note was accepted in part payment, the rest of the debt having been paid in cash; so that at the time the action was brought, if the note

was to be counted as any part of the payment, the lender had been paid all the principal, interest and usury. And in point of fact, it occurred that while this action was pending, the note was discharged. We think there was a cause of action under this statute, and that the note of a third person, if equivalent to cash, might be counted as cash; and if it was not so, if it was worth less than the amount it represented, it would be a matter of defence open to the defendant on the part of the lender, to show that it was not cash or its equivalent. We agree with the court that the cause of action accrued when that note was accepted, inasmuch as it turned out that it was the equivalent of cash, and was actually paid in cash pending the action.

Judgment affirmed.