Stringer *et al. v.* Breen.

LOTZ, J., absent.

Filed Sept. 22, 1893.

◆

No. 769.

STRINGER ET AL. *v.* BREEN.

EVIDENCE.—*Action for Attorney's Fees.—Records of Case Admissible.*— In an action for attorney's fees for services rendered in a certain cause of action, where the employment of the plaintiff is denied, the records of such case may be introduced in evidence as tending to show the employment of plaintiff and the character of the services rendered, and as forming a proper basis on which to determine the value of the services, and as tending to corroborate the plaintiff's testimony that he was employed and rendered the services.

SAME.—*Evidence Foreign to Issue.—When Party Can Not Complain.*— Where a party elicits evidence which is foreign to the issues, he can not be heard to complain, the action being his own.

PLEADING.—*Matter of Defense.—What Must Be Specially Pleaded.—Is-sues.—Practice.*—In an action for attorney's fees, where the only de-fenses interposed were general denial and payment, neither settle-ment, accord and satisfaction, nor account stated can be established; for they are affirmative defenses admitting the cause of action, but endeavoring to avoid it by interposing affirmative new matter, and to be available, they must be specially pleaded.

From the Allen Superior Court.

*T. E. Ellison,* for appellants.

*W. P. Breen, J. Morris, Jr.,* and *W. G. Colerick,* for appellee.

LOTZ, J.—The appellee sued the appellants to recover for legal services alleged to have been rendered them in two actions, one in the Allen Superior Court, and one in the Allen Circuit Court.

His complaint was in one paragraph, being a common count, accompanied by a bill of particulars. The appellants answered separately: (1) the general denial, and (2) payment. Elza T. Stringer also filed an answer of set-off; but as the court struck out all the evidence relative to this answer, and no complaint is made of such ruling, it will be unnecessary to consider it further in disposing of the question presented on this appeal. The cause was submitted to a jury, and a verdict in the sum of $180 returned in favor of appellee, and final judgment followed. The only error assigned in this court is the overruling of the motion for a new trial.

It is insisted that the trial court erred, first, in permitting appellee to introduce in evidence certain records and pleadings in the actions for which the services were rendered. There was no error in this. The employment of the appellee was denied; these proceedings tended to show his employment and the character of the services rendered, and formed a proper basis from which to determine the value of such services. They also tended to corroborate the testimony of the appellee, that he was employed and rendered services. The appellants, on the cross-examination of the appellee, brought out the fact that he·had rendered services in another case for Elza T. Stringer alone, the appellant Ellen R. Stringer not being a party thereto. The appellants then sought to show, by such cross-examination, that such services were rendered without any employment, and attempted to discredit the appellee before the jury, as an attorney, by such cross-examination. Appellee's counsel, upon a re-examination, went fully into such employment and the character of the services rendered, but did not attempt to prove the value of such services. On a re-cross-examination, the appellants brought out the value of such services. This evidence was foreign to the is-

sues; no claim for such services was made in the complaint. This objectionable matter was voluntarily brought into the case by appellants. To permit them now to predicate error upon it and secure a reversal, would be to allow them to take advantage of their own wrong. This contention can not prevail.

Complaint is made of several other rulings of the court in the admission of evidence, and of certain remarks of the court in the presence of the jury, and of certain instructions given and refused. As most of these objections relate to the same question, we will not consider them in detail. Appellant's counsel contends that the main question in the case is as to the effect of certain letters which passed between the parties. The matter to which such correspondence relates was also brought into the case by appellants in the cross-examination of the appellee. It is insisted that such correspondence establishes a contract between the parties, to the effect that after the services were rendered it was agreed that appellee's compensation should be a certain amount. If appellants' position be correct, we do not see how it can avail them under the issues. It was conceded, on the trial, that appellee had rendered some service. The only questions with which the jury then had any concern were for whom the services were rendered, one or both of appellants, the value of such services, and whether or not the same had been paid. If the defense for which appellants contend has been proved by the evidence, they can not avail themselves of it, for they have not pleaded it.

Neither settlement, accord and satisfaction, nor account stated, can be established under the general denial or an answer of payment. They are each affirmative defenses. They admit the cause of action declared on in the complaint, but endeavor to avoid it by interposing af-

Stringer *et al. v.* Breen.

firmative new matter. To be available, they must be specially pleaded. 1 Works' Prac., section 598; 3 Works' Prac., pp. 339, 340.

Some of the letters referred to were first brought into the controversy on the cross-examination of the appellee. We think they were proper subjects of cross-examinations, as they tended to show the value put upon his service, by appellee himself, and what payments had been made. It was also proper for appellee to give in evidence such other letters as he had written to appellants on the same subject, but, in the state of the issues, such evidence could not be considered for the purpose of establishing a defense not pleaded. The verdict of the jury conclusively shows that no such defense was established, and, therefore, neither the remarks of the court nor the instructions given did any harm to any one. Under the circumstances, the refusal of the court to give the instructions asked by appellants, or giving the one as modified, can not be considered reversible error. Some of those refused were fully covered by other instructions given, and some of them related to an issue not in the case.

We have examined the court's charges bearing on the other questions which arise in the case. No particular objection is pointed out to any of them. We think there was no error in giving them. The other questions presented relate to the sufficiency of the evidence to support the verdict against one or both of the appellants, and that the verdict is excessive. Upon these questions the evidence is conflicting. This court will not weigh it.

We find no reversible error in the record.

Judgment affirmed, at costs of appellants.

Filed Oct. 11, 1893.