JOHN LANHAM v. FIRST NATIONAL BANK OF CRETE.

FILED NOVEMBER 20, 1894.  No. 5722.

Action to Recover Penalty for Taking Usurious Interest: LIMITATION. The limitation of two years within which an action under the provisions of section 5198, Revised Statutes, United States, may be commenced for the recovery from a national bank of twice the amount of usury paid to it dates from the actual payment of such interest, and not from the bank's reservation of it from the original loan by way of discount. Following *First Nat. Bank of Dorchester v. Smith*, 36 Neb., 199, and *Smith v. First Nat. Bank of Crete*, 42 Neb., 687.

ERROR from the district court of Saline county. Tried below before GASLIN, J.

*Abbott & Abbott*, for plaintiff in error.

*F. I. Foss, contra.*

HARRISON, J.

This action was instituted by plaintiff in error to recover of the First National Bank of Crete double the amount of interest which he alleged was paid to it by him pursuant to the terms of a "usurious transaction." The original petition contained three distinct counts or causes of action. The bank demurred to the first and second causes of action, and the court sustained the demurrer. The plaintiff then applied for leave to amend the third count, which was granted and the amendment made. The third count as amended was then demurred to by the bank, the

demurrer sustained, and the action dismissed at plaintiff's costs and brought to this court by plaintiff by petition in error. Since the hearing of the case in the district court the case of *First Nat. Bank of Dorchester v. Smith* has been decided by this court (36 Neb., 199), and the doctrine therein announced, it is conceded by plaintiff, sustains the ruling of the district court upon the demurrer to the first and second counts of the petition, and three-fourths of the amount which is declared upon as a cause of action in the third count thereof, and the only contention which he now makes is that as to the sum of $75 of the amount included in the third count of the petition the demurrer should not have been sustained. The demurrer was sustained, as we gather from an examination of the record, on the ground that the action was not commenced within two years after the occurrence of the alleged usurious transaction, and hence was barred by limitation. The third count of the petition as amended was as follows: "The plaintiff alleges that he paid the defendant the further sum of $300 as usurious interest, as follows: That on or about the 24th day of July, 1888, he borrowed from the defendant the sum of $2,500, and that it was then agreed between the parties that the said plaintiff should pay to the defendant interest on said sum at the rate of twelve per cent per annum, and that in pursuance of such agreement the defendant did, on the 24th day of July, 1888, deduct and retain from said sum of $2,500 the sum of $75, as and for interest thereon at the agreed rate for three months, and that at the date of the maturity of said note the same was renewed from time to time, once every three months, for a longer period of nine months, the last interest payment being April 24, 1889, and that at each and every renewal thereof interest at the agreed rate was paid to and received and retained by the said defendant, and that during said year this plaintiff paid to said defendant the said sum of $300, which usurious interest was by the defendant knowingly, willfully, and cor-

ruptly charged, reserved, and taken from the plaintiff in pursuance of said usurious agreement, and the plaintiff alleged that on the 24th day of July, 1889, he paid to the defendant the sum of $2,500, so as above borrowed in 1888, the same being in full of the amount due on said loan." Counsel for the defendant in error insists that where it is stated "the last interest payment being made April 24, 1889," should be construed to mean that this was the last payment of interest made on the loan, and it being more than two years from April 24, 1889, to July 22, 1891, the date the petition was filed, the cause of action was barred. With this we cannot agree.   We think this count of the petition may be fairly said to set out that at the time the loan was effected $75 was deducted from the amount of it, $2,500, as the agreed amount of the interest for three months, and that this was paid when the whole $2,500 was paid, July 24, 1889, and that the statement above quoted referred to the interest payments at dates of renewals.   If we are right, this brings the case as to the $75 within the rule that this being a retaining or reservation of this amount as a discount, the date from which the limitation of two years, within which the statutes of the United States governing such matters prescribes the action must be brought commenced to run, was not the date of so reserving the interest by way of discount, but the time of the actual payment of the interest, July 24, 1889. (See *First Nat. Bank of Dorchester v. Smith*, 36 Neb., 199; *Smith v. First Nat. Bank of Crete*, 42 Neb., 687.)   It follows that the judgment of the district court must be reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.