DANIEL H. TALBOT, Appellant, v. FIRST NATIONAL BANK OF
SIOUX CITY, IOWA.

**Usury:** NATIONAL BANKS: *Custom.* Under the laws of Iowa limiting
interest to six per cent. per annum in the absence of an agreement
for a higher rate, the charging of ten per cent. upon a depositor's
overdraft, arrived at by balancing the account monthly com-
puted on the aggregate amount of the overdraft approximating
the nearest hundred for the month, on the basis of thirty days to
the month, is usury under the United States Revised statutes, 5197
which authorizes national banks to charge interest at the rate
allowed by the state in which such banks are located, and the said
charge of ten per cent. cannot be legalized by a custom of banks
which permits it.

RECOVERY BACK: *Limitation of statute.* A national bank charged
usurious interest. It was included in a note which was not other-
wise tainted with usury. This note was secured by trust deed,
and on foreclosure of the deed the said excessive interest was
deducted by the decree. *Held,*

a The action provided by United States Revised Statute 5198,
allowing the recovery back of usurious interest applies only to
cases in which such interest has been actually paid. In this
case this was not done, for as said interest was left out of the
judgment, no property could have been sold under it to pay
what was not in the judgment.

b This action having been begun more than two years after said
note was given is barred by United States Revised Statute 5198
which allows it within two years "from the time the usurious
transaction occurred."

**Appeal:** RECORD BELOW. Only such matters as were presented on the
trial can be considered on appeal; and a motion, before submis-
sion, to have any other passed upon, will be denied.

*Appeal from Woodbury District Court.*—HON. SCOTT M.
LADD, Judge.

SATURDAY, OCTOBER 15, 1898.

PLAINTIFF brings this action under section 5198 of the
United States Revised Statutes to recover forty-seven thou-
sand and twenty dollars and thirty-seven cents illegal

interest alleged to have been knowingly charged to him by the defendant, and to have been paid by him to the defendant without knowledge of such illegal charges. He also asks to recover the penalty provided in said section, demanding in all the sum of ninety-four thousand and forty dollars and seventy-four cents. The defendant answered, denying that it had charged, or that plaintiff paid, any illegal interest to the defendant, and alleging a former adjudication, and that this action is barred by the statute under which it is brought. The case was referred to L. B. Green, Esq., who, after a full hearing, reported his findings of facts and conclusions of law. To these the plaintiff filed exceptions, and upon a hearing on the exceptions the report of the referee was approved, and judgment rendered dismissing plaintiff's petition, and for costs; from which judgment plaintiff appeals.—*Affirmed.*

*D. H. Talbot in pro per.*

*Wright, Call & Hubbard* for appellee.

GIVEN, J.—I.  Plaintiff presents this case in three hundred and fifty pages of abstract and an opening argument of one hundred and twenty-five pages, to which argument the defendant has responded in twelve pages. Plaintiff's substituted petition, as abstracted, covers one hundred and ninety-four pages, and the entire pleading one hundred and ten pages. We will not set out the details of this elaborate record, but proceed to consider questions raised by the exceptions to the report, namely, whether illegal interest was charged, and, if charged, whether it was paid, and the defenses of former adjudication, and bar of the statute.

II.  Section 5197 of the Revised Statutes of the United States authorizes national banks to charge "interest at the rate allowed by the laws of the state, territory or district where the bank is located." Section 5198 of said statute provides as follows: "Sec. 5198.  The taking, receiving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done,

shall be deemed a forfeiture of the entire interest, which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: provided such action is commenced within two years from the time the usurious transaction occurred." The evidence shows, and the referee found, that monthly during the period of these transactions plaintiff's account was balanced, and the interest computed on the overdraft at the rate of ten per cent. per annum, and the interest so charged added to the account. Also that in computing said interest the defendant took the aggregate amount of overdraft approximating to the nearest hundred for the month on the basis of thirty days to the month, or three hundred and sixty days to the year. Under the laws of Iowa, the plaintiff was only entitled, in the absence of contract, to charge interest at the rate of six per cent. per annum, and there is no evidence that these charges were made in pursuance of any contract. Defendant's counsel make some claim that the written contract of June 17, 1890, warranted this charge of interest; but we do not think so, nor do we think that the charge can be legalized by a custom of the banks as to the manner of computing interest, where the custom results in giving a higher rate of interest than is authorized by law. The interest thus computed on the overdrafts was included in the notes given by the plaintiff from time to time, but the notes themselves did not otherwise draw illegal interest. The referee correctly finds that the total interest on plaintiff's overdrafts amounts to two thousand and sixty-four dollars, that the average rate of interest charged was ten and twenty-two-hundredths per cent., and that the total amount of interest charged in excess of ten per cent. was seventy-two dollars. We think it entirely

clear, under the evidence, that all interest charged on overdrafts in excess of six per cent. was a greater rate of interest than was allowed by the laws of this state.

III.    It will be observed that this is not an action to forfeit the entire interest, under the first provision of said section 5198, but an action to recover back said interest as having been paid.    In determining whether said interest has been paid, and whether this matter has been formerly adjudicated, the following facts appearing in the evidence must be considered:    On the fifteenth day of March, 1890, the plaintiff executed his one hundred negotiable bonds, payable to the Union Loan & Trust Company, or bearer, for one thousand dollars each, secured by a trust deed to said company, as trustee, on lands in Woodbury and Plymouth counties, Iowa.    On June 17, 1890, he entered into a written agreement with the defendant, reciting that the defendant had that day canceled and surrendered to plaintiff the promissory notes enumerated, aggregating sixty-four thousand and forty dollars and thirty-eight cents; also that the bank had received from plaintiff said one hundred bonds; and that it was agreed that the bank and T. J. Stone should have and own sixty-one of said bonds, to be applied on the indebtedness surrendered.    It was further agreed that the balance of said bonds should be sold by the defendant at not less than the face, and the proceeds applied towards paying liens and incumbrances upon the land prior to said trust deed.    That said instrument shows that:    "To balance account to March 15, 1890, I have this day given the First National Bank note six months after date, with option on or before, for the sum of $3,040.30.    June 17, 1890.    [Signed] D. H. Talbot." In March, 1892, the Union Loan & Trust Company, as trustee, for this defendant and T. J. Stone, its president, commenced an action against this plaintiff for judgment on said sixty-one bonds, and to foreclose said trust deed.    This plaintiff answered in said action, setting up said illegal charges of interest on overdrafts, and alleging that said

interest had been included in the notes afterwards given, and that said notes were merged in the bonds in suit, and asking that an accounting be had of the amount of excessive interest charged, and that the amount so found be deducted from the amount due on the bonds. In support of this defense he introduced evidence of the amount of interest charged on overdrafts, and in the determination of the case the court found that excessive interest on overdrafts to the amount of two thousand and sixty-four dollars had been charged the plaintiff, and ordered that that amount, with interest at the rate named in the bonds, amounting in all to two thousand and sixty-nine dollars and forty-six cents, be deducted from the amount due on the bonds, and judgment and decree were entered accordingly. Thereafter the lands covered by the trust deed were sold under said decree for eighty-seven thousand six hundred and ninety-nine dollars and fifteen cents, leaving a balance of eleven thousand one hundred and forty-one dollars and five cents unpaid on said judgment. We have seen that, unless the plaintiff has paid the illegal interest, he is not entitled to recover it in this action. If it may be said that the delivery of the sixty-one bonds on June 17, 1890, was a payment, this action is barred, as it was not commenced "within two years from the time the usurious transactions occurred," having been commenced March 8, 1895. The interest on overdrafts was surely not paid by the sale of the land, for, as we have seen, it was not included in the decree. As we view the case, we think the illegal charges of interest have never been paid, and therefore the plaintiff is not entitled to recover in this action.

IV.   There is some dispute as to whether plaintiff set up these charges of illegal interest in the action to foreclose the trust deed, so as to constitute a former adjudication. That he set it up, and that it was adjudicated, we have no doubt. True, it was not set up with the same fullness and elaboration as in this case. Unquestionably it is matter which might have been pleaded in that case, and under a familiar

rule the plaintiff must be held to have asserted all available defenses to that action.

V.    Said section 5198 provides that actions to recover back illegal interest paid must be commenced "within two years from the time the usurious transaction occurred." Now, whether or not we call the delivery of the bonds a payment, it is evident that the usurious transaction occurred on and before June 17, 1890, and it follows that this action is barred. These questions are so largely questions of fact, and rest upon familiar and undisputed principles of law, that we do not find it necessary to refer to any of the many authorities cited.    The lower court was fully warranted in affirming the finding of fact as reported by the referee.    While we do not concur in the conclusions of law that the interest on overdrafts was excessive, but not illegal or usurious, and that the custom of banks to compute interest on the commercial basis of thirty days to the month is legal, still it does not follow that the judgment of the district court is erroneous. It is correct, notwithstanding the charge of illegal interest, because the plaintiff has never paid that interest, but has been allowed the full benefit of the facts in the foreclosure case, and because this action was not brought within two years of the time the usurious transaction occurred.

VI.    A few days before the submission of this cause the plaintiff filed a motion to have certain matters not presented on the trial below considered.    He presents the affidavit of L. F. Wakefield, showing his estimate of the value of the land covered by the trust deed, made at the instance of the defendant in February, 1894.    He also presents his own affidavit touching the disposition made by him of certain mineral specimens, bird skins, reptiles, mammals, skins, books in library, public letter correspondence, and all other natural history specimens in his possession, to the State University of Iowa.    It is sufficient to say of this motion that only matters that were offered on the trial below can be considered on this appeal, and that the motion to have these matters considered must be overruled.—AFFIRMED.

LADD, J., took no part.